UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE DE LA CERDA,<br><br>                  Plaintiff,<br><br>v.<br><br>SAN DIEGO CONVENTION CENTER CORPORATION, INC.,<br><br>                  Defendant. | Case No.: 24cv1058-CAB-DDL<br><br>**ORDER DENYING MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS [Doc. No. 4]** |

    On August 19, 2024, Defendant San Diego Convention Center Corporation, Inc. ("Defendant") filed a motion to compel arbitration and stay proceedings. [Doc. No. 4.] On September 9, 2024, Plaintiff Jose De La Cerda ("Plaintiff") filed an opposition. [Doc. No. 5.] On September 16, 2024, Defendant filed a reply. [Doc. No. 6.] Pursuant to Civ.LR. 7.1.d.1, the Court deems oral argument to be unnecessary. For the reasons set forth below, the motion to compel arbitration and stay proceedings is **DENIED.**

## BACKGROUND

    Defendant owns and operates the San Diego Convention Center. Plaintiff is currently employed by Defendant as a Carpenter and has worked for Defendant since February 2017. As a condition of his employment, Plaintiff was required to join the Cabinet Makers, Millmen and Industrial Carpenters Local 721, United Brotherhood of Carpenters and Joiners of America (the "Union"). There is a collective bargaining

1

agreement ("CBA") between Defendant and the Union. The CBA includes an arbitration provision.

On June 19, 2024, Plaintiff filed this Collective Action Complaint under the Fair Labor Standards Act ("FLSA"). The complaint alleges that Defendant failed to (1) pay all overtime wages and (2) pay employees for all hours worked. [Doc. No. 1.]

## LEGAL STANDARD

The Federal Arbitration Act ("FAA") requires the district courts to compel arbitration on all claims subject to arbitration agreements. *See Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (citing 9 U.S.C. §§ 3 - 4) ("By its terms, the Act [FAA] leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed."). The FAA creates a general presumption in favor of arbitration and requires the enforcement of a written agreement to arbitrate. *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24–25 (1991). A court must interpret arbitration provisions liberally, resolving doubts in favor of arbitration. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983).

Under the FAA, a party moving to compel arbitration must show two things: "(1) the existence of a valid, written agreement to arbitrate; and, if it exists, (2) that the agreement to arbitrate encompasses the dispute at issue." *Ashbey v. Archstone Prop. Mgmt., Inc.*, 785 F.3d 1320, 1323 (9th Cir. 2015). The party seeking arbitration need only prove the existence of an agreement to arbitrate by a preponderance of the evidence. *Norcia v. Samsung Telecoms. Am., LLC*, 845 F.3d 1279, 1283 (9th Cir. 2017). Because the FAA favors arbitration, the burden is on the plaintiff to prove that the arbitration agreement is, in fact, unenforceable. *See Mortensen v. Bresnan Commc'ns, LLC*, 722 F.3d 1151, 1157 (9th Cir. 2013) ("[T]hose parties challenging the enforceability of an arbitration agreement bear the burden of proving that the provision is unenforceable.").

As part of the collective bargaining process, a union may agree on its members' behalf to require arbitration of employment-related disputes. *14 Penn Plaza LLC v. Pyett*,

556 U.S. 247, 256–57 (2009). But in so far as those agreements relate to statutory claims, there must exist a "clear and unmistakable" waiver of the right to a judicial forum. *Wright v. Universal Mar. Serv. Corp.*, 525 U.S. 70, 80–82 (1998). Provisions that attempt "to provide a blanket waiver to all federal and state causes of action[ ] have been routinely rejected by both the U.S. Supreme Court and Ninth Circuit." *Smith v. Serv. Emps. Int'l Union, Local 521*, No. 16-CV-02547-LHK, 2016 WL 4268713, at *8 (N.D. Cal. Aug. 14, 2016) (collecting cases).  A CBA must identify specific statutes to provide a clear and unmistakable waiver.  *Wawock v. CSI Elec. Contractors, Incl.,* 649 F.App'x 556, 558 (9th Cir. 2016)(unpublished)(citations omitted).

## DISCUSSION

In this motion, Defendant argues that Plaintiff's claims are subject to mandatory arbitration pursuant to the provisions contained within the CBA. Plaintiff argues his FLSA claims are not subject to arbitration for several reasons: (1) there is no agreement to arbitrate between Plaintiff and Defendant because the plain language of the CBA states that arbitration is voluntary and only applies to a grievance or dispute that was "filed by the Union"; (2) Even if the CBA's arbitration clause applies to this case, it does not clearly and unmistakably waive Plaintiff's right to file his FLSA collective action in court; (3) Even if the CBA did require arbitration of the claims, Plaintiff is entitled to proceed with his FLSA claims without first having to arbitrate them; and (4) the arbitration provision is unenforceable as it is procedurally and substantively unconscionable.

Article IX of the CBA states in pertinent part:

> A grievance or dispute that arises during the life of this Agreement <u>and filed by the Union</u> shall be adjudicated according to the following procedures.  A grievance or dispute, shall <u>pertain only to the interpretation or application of the terms of this Agreement</u>. . . .

[Doc. No. 4-1 at 29 (emphasis added).]

Assuming *arguendo* there is an agreement to arbitrate between Plaintiff and Defendant, Plaintiff's FLSA claims are not included within the scope of the CBA.  As set

forth above, in so far as CBAs relate to statutory claims, there must exist a "clear and unmistakable" waiver of the right to a judicial forum. *Wright*, 525 U.S. at 80–82. A CBA must identify specific statutes to provide a clear and unmistakable waiver. *Wawock v. CSI Elec. Contractors, Incl.,* 649 F.App'x at 558. Here, the CBA does not reference any statutory claims and, in fact, limits grievances and disputes to "the interpretation or application of the terms of this Agreement." Thus, there is no "clear and unmistakable waiver" of Plaintiff's FLSA claims.

Defendant essentially concedes this point when it argues, in reply, that the language of the CBA "implicitly" includes disputes over FLSA claims because the "broad language" "strongly suggests" that the CBA contemplates arbitration for such disputes. However, "[a] CBA requirement to arbitrate a statutory claim must be explicitly stated." *Id.* at 559; *See also Martinez v. J. Fletcher Creamer & Son, Inc.*, No. CV 10-0968 PSG (FMOx), 2010 WL 3359372, at *4 (Aug. 13, 2010) (concluding that a collective bargaining agreement that "does not expressly reference any of the statutory provisions at issue," does not "constitute a 'clear and unmistakable' waiver of an employee's right to sue in a judicial forum under those statutes"). Accordingly, Plaintiff's FLSA claims do not fall within the scope of the CBA.

Given that Plaintiff's claims are not included within the scope of the CBA, the Court declines to reach the other issues raised by Plaintiff.

## CONCLUSION

For the reasons set forth above, the motion to compel arbitration and stay proceedings is **DENIED**.

**IT IS SO ORDERED.**

Dated:  December 10, 2024

_____
Hon. Cathy Ann Bencivengo
United States District Judge