UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE DE LA CERDA, *on behalf of others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>SAN DIEGO CONVENTION CENTER CORPORATION, INC.,<br><br>Defendant. | Case No.:  3:24-cv-1058-CAB-DDL<br><br>**ORDER PARTIALLY GRANTING MOTION TO CONDITIONALLY CERTIFY COLLECTIVE ACTION**<br><br>[Doc. No. 32] |

Before the Court is a Motion for Conditional Certification and Approval of Notice filed by Plaintiff Jose De La Cerda ("Plaintiff" or "De La Cerda"). [Doc. No. 32.] For the following reasons, the Court **PARTIALLY GRANTS** the motion for the limited purposes of providing notice to prospective collective action members as described in detail below.

## I.    BACKGROUND

On June 19, 2024, Plaintiff filed this Collective Action Complaint under the Fair Labor Standards Act ("FLSA"). [Doc. No. 1 ("Complaint").] The Complaint alleges that Defendant San Diego Convention Center Corporation ("SDCCC" or "Defendant") failed to (1) pay all overtime wages and (2) pay employees for all hours worked.

SDCCC owns and operates the San Diego Convention Center. Plaintiff is currently employed by SDCCC as a Carpenter, has worked for SDCCC since February 2017, and is

3:24-cv-1058-CAB-DDL

a member of the Cabinet Makers, Millmen and Industrial Carpenters Local 721, United Brotherhood of Carpenters and Joiners of America (the "Union"). The Court previously denied SDCCC's motion to compel arbitration based on a collective bargaining agreement ("CBA") between SDCCC and the Union. [Doc. No. 7.] Beyond the named Plaintiff, SDCCC employs "hundreds of people . . . in nineteen separate departments," many of whom are represented by unions and subject to other CBAs. [Doc. No. 33-1 at 2.]

Plaintiff now asks the Court to conditionally certify a Proposed FLSA Collective as follows:

> All current and former non-exempt hourly employees of San Diego Convention Center Corporation, Inc. who worked in the United States of America at any time during the three years preceding the filing of this action through the present date.

[Doc. No. 32-1 at 6.] Plaintiff alleges that members of this Proposed FLSA Collective are similarly situated with respect to three different pay-related policies: (1) automatic meal period deductions; (2) overtime pay calculation; and (3) non-neutral time rounding. [Doc. No. 32-1 at 7–8.]

Plaintiff also asks the Court to (1) approve a 90-day opt-in period, (2) approve Plaintiff's proposed notice, (3) direct notice to potential collective members, (4) direct SDCCC to post copies of the approved notice in a conspicuous workplace location, (5) allow opt-in collective members to submit their consent to join through a convenient medium, and (6) toll the statute of limitations due to SDCCC's allegedly bad faith discovery delays. [Doc. No. 32-1 at 6, 13.]

SDCCC opposes the motion, arguing that due to the size and variance in duties, members of the Proposed FLSA Collective are not similarly situated. SDCCC further contends that if the Court certifies the Proposed FLSA Collective, it should not approve Plaintiff's notice or process, nor toll the statute of limitations.

## II.    LEGAL STANDARD

The FLSA provides for a private right of action to enforce its provisions "by any one or more employees for and in behalf of himself or themselves and other employees

similarly situated." 29 U.S.C. § 216(b). However, unlike class actions under Federal Rule of Civil Procedure 23, the FLSA requires putative collective action plaintiffs to "opt-in" to the collective: "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." *Id.* "Determining whether a collective action is appropriate is within the discretion of the district court." *Leuthold v. Destination Am., Inc.*, 224 F.R.D. 462, 466 (N.D. Cal. 2004).

The Ninth Circuit employs a two-stage approach to collective action certification: (1) preliminary certification and (2) decertification. *Campbell v. City of Los Angeles*, 903 F.3d 1090, 1100, 1110 (9th Cir. 2018). At the first stage, preliminary or conditional certification, the district court evaluates whether the identified collective is "similarly situated." The burden at the first step is "light" and "requires nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Colson v. Avnet, Inc.*, 687 F. Supp. 2d 914, 925 (D. Ariz. 2010) (cleaned up). "Given the light burden, motions to conditionally certify a class for notification purposes are typically granted." *Id.* (internal quotation marks omitted).

"In exercising the discretionary authority to oversee the notice-giving process, courts must be scrupulous to respect judicial neutrality. To that end, trial courts must take care to avoid even the appearance of judicial endorsement of the merits of the action." *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 174 (1989).

## III. DISCUSSION

### A. Ripeness

Defendant argues at the threshold that the issues presented in Plaintiff's motion are not ripe for adjudication and the Court should decline to conditionally certify a collective for prudential reasons. [Doc. No. 33 at 4–5.] In particular, Defendant argues that Plaintiff and other proposed collective members are subject to CBAs that require them to follow a specific grievance procedure before filing suit. As Plaintiff correctly highlights, this Court already considered and rejected this argument in denying Defendant's motion to compel

arbitration because "Plaintiff's FLSA claims do not fall within the scope of the CBA." [Doc. No. 7 at 4.]

### B.   Similarly Situated

At the conditional certification stage, Plaintiff must show that he and the Proposed FLSA Collective members are "similarly situated." The Court finds that Plaintiff has met this burden to conditionally certify a Proposed FLSA Collective with respect to SDCCC's alleged non-neutral rounding and overtime pay calculation practices, but not the alleged automatic meal deduction practice.

Regarding the non-neutral rounding practice, Plaintiff alleges that SDCCC used a non-neutral rounding system that encouraged unpaid time rounding but "expressly forbid" paid time rounding. [Doc. No. 32-1 at 8.] In support he shows via his paystubs from February 15, 2024 to April 24, 2024 that unpaid rounding (2.06 hours) exceeded paid rounding (0.18 hours) by more than tenfold. [Doc. No. 32-3 at ¶¶ 9–12.] Plaintiff also alleges that "other hourly employees of SDCCC were also subject to the time rounding policies and procedures that I was exposed to." [*Id.* at ¶ 12.]

Defendant does not contest Plaintiff's calculations on the merits[1], nor offer evidence supporting that Plaintiff's rounding was an outlier from other employees. Instead, Defendant argues that the FLSA does not prohibit rounding; it is only when an employer *always* rounds down that a violation occurs. [Doc. No. 33 at 8.] This is an argument on the merits of Plaintiff's claim, which the Court rejects because conditional certification "is not the time to conduct 'an in-depth examination of the underlying merits' or 'to determine whether class members could actually prevail on the merits of their claims.' 'To hold otherwise would turn class certification into a mini-trial.'" *Tapia v. Zale Delaware Inc.*,

---

[1] Defendant does take issue with the declaration itself as self-serving, lacking foundation, and calling for speculation. [Doc. No. 33 at 7–8; Doc. No. 33-3 (Objections to Plaintiff's Proffered Evidence in Opposition to Motion for Conditional Certification).] Defendant provides no legal basis to exclude Plaintiff's declaration under the Federal Rules of Evidence at this stage of the litigation.

No. 13-CV-1565-BAS (PCL), 2016 WL 1385181, at *3 (S.D. Cal. Apr. 6, 2016) (quoting *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 983 n.8 (9th Cir. 2011)).

Regarding the calculation of overtime, Plaintiff alleges via his declaration and paystubs that SDCCC did not include his non-discretionary pay (e.g., differential pay or non-discretionary bonuses) in the calculation of his regular rate of pay for a given pay period. [Doc. No. 32-1 at 7–8 (citing Doc. No. 32-3 at ¶¶ 6–8).] Defendant's arguments—that any bonuses or salary increases are discretionary and the various CBAs specify differential rates of pay [Doc. No. 33 at 7]—are again aimed at the merits of Plaintiff's claims and not whether putative collective members were victims of a uniform practice with respect to the calculation of overtime based on the regular versus the base rate of pay.

On the other hand, the Court does not find that Plaintiff has met his burden with respect to SDCCC's alleged meal break deduction practices. Plaintiff alleges that employees would "simply mark whether [they] were able to take a lunch or not, and SDCCC would automatically deduct thirty (30) minutes from [their] hours for that shift." [Doc. No. 32-3 at ¶ 5.] He further alleges that "[o]ccasionally, [he] would quickly eat [his] lunch and get back to work due to operational pressure." [*Id.*] This vague allegation of "operational pressure" does not show a uniform policy or practice that applied to any other employee, let alone to employees in at least eighteen other SDCCC departments. *See Delnoce v. Globaltranz Enters., Inc.*, No. CV-17-01278-PHX-MHB, 2017 WL 4769529, at *5 (D. Ariz. Sept. 25, 2017) ("The declarations of the named Plaintiff are . . . vague, conclusory, and, more importantly, are silent where one would expect important detail.").

For the foregoing reasons, Plaintiff has met the lenient notice-stage standard for conditional certification with respect to Defendant's alleged rounding and overtime calculation practices. If, after the close of discovery, it becomes apparent that these claims should be pursued on an individual basis, Defendant may move to decertify the collective. Accordingly, the Court **GRANTS** Plaintiff's motion for conditional certification of a collective under the FLSA with respect to Defendant's alleged non-neutral rounding and overtime calculation practices.

3:24-cv-1058-CAB-DDL

## C.     Proposed Notice

Defendant objects to Plaintiff's proposed notice and provides its own version. Plaintiff's reply raises no specific objections to Defendant's version. [Doc. No. 34 at 7.] The Court has reviewed both proposed notices and finds that Defendant's version has a neutral tone, describes the nature of the action and the import of choosing or declining to opt-in, and makes clear that the Court has not ruled on the merits of the case. The Court therefore orders that notice be provided using Defendant's proposed notice, with the exception of changing the 60-day response period to a 90-day one and providing an email address where opt-in forms can be submitted electronically. [Doc. No. 33-4 at 142–45.]

As to how the notice will be distributed to the Proposed FLSA Collective, Plaintiff proposes providing notice by requiring Defendant to (1) post the notice in one or more conspicuous places on the grounds of SDCC and (2) provide the notice to each employee with their paycheck. [Doc. No. 32-1 at 12–13.] Defendant objects because it has already "produced the name, address, phone number, and email address of all requested employees, excluding those who opted out of the *Belaire* process." [Doc. No. 33 at 9.] Defendant instead proposes providing notice by email.

The Court deems notice by email sufficient. Plaintiff may email the potential collective members for whom Plaintiff has received email addresses. Plaintiff may additionally identify any employees for whom no email address has been produced by Defendant and provide a list of those employees to Defendant. Defendant must then mail a copy of the notice to the employee's address. The Court denies Plaintiff's request to post the notice in the San Diego Convention Center because Plaintiff has not shown how that would reach potential collective members not otherwise notified as outlined above.

## D.     Tolling the Statute of Limitations

Equitable tolling of a statute of limitations is appropriate where the plaintiff is prevented from asserting a claim due to a defendant's wrongful conduct or when extraordinary circumstances beyond the plaintiff's control caused an innocent delay. *See Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999). Here, Plaintiff asks the Court to toll

3:24-cv-1058-CAB-DDL

the statute of limitations for all individuals who ultimately opt-in to the Proposed FLSA Collective from June 19, 2024, the date Plaintiff filed his complaint, to the date of the Court's decision conditionally certifying the collective and approving notice, plus an additional fifty-five days to account for SDCCC's alleged discovery delays. [Doc. No. 32-1 at 13–14.]

Plaintiff first propounded discovery on January 28, 2025, but the parties agreed to participate in mediation and so stayed discovery until July 7, 2025. [Doc. No. 32-1 at 13; Doc. No. 33 at 9.] SDCCC ultimately completed production on February 27, 2026 and Plaintiff filed this motion on March 11, 2026. The Court does not find any wrongful conduct by SDCCC that warrants equitable tolling, particularly when, as SDCCC highlights, the documents submitted by Plaintiff in support of this motion were produced to Plaintiff before this action was filed and again on July 21, 2025 in connection with the parties' mediation. [Doc. No. 33 at 9–10.]

Instead, the Court finds it in the interest of justice to equitably toll the statute of limitations for opt-in members of the collective for the time the arbitration motion and this certification motion were pending before the Court, as well as the time spent by the parties in mediation. This comports with Plaintiff's cited cases, where the courts tolled the statute of limitations for the period that the motion for conditional certification was pending. *McNutt v. Swift Transportation Co. of Arizona, LLC*, No. C18-5668 BHS, 2020 WL 3819239, at *10 (W.D. Wash. July 7, 2020); *Carlson v. United Nat. Foods, Inc.*, No. C20-5476-JCC, 2021 WL 3616786, at *6 (W.D. Wash. Aug. 14, 2021); *Douglas v. Xerox Bus. Servs., LLC*, No. C12-01798-JCC, 2014 WL 11320703, at *4 (W.D. Wash. Nov. 21, 2014), *order clarified*, No. C12-01798-JCC, 2015 WL 12930486 (W.D. Wash. Feb. 9, 2015).

The Court thus equitably tolls the state of limitations for 390 days, which accounts for the time (1) the motion for conditional certification was fully briefed and pending before the Court (April 8, 2026 – June 18, 2026); (2) the prior motion to compel arbitration was fully briefed and pending before the Court (September 16, 2024 – December 10, 2024);

3:24-cv-1058-CAB-DDL

and (3) the case was stayed while the parties jointly pursued mediation (February 6, 2025 – September 26, 2025).

## IV.    CONCLUSION

For the reasons set forth above, the motion to conditionally certify the Proposed FLSA Collective is **PARTIALLY GRANTED** and the Court **ORDERS** notice to be provided according to this Order.

**IT IS SO ORDERED.**

Dated:  June 18, 2026

_____
Hon. Cathy Ann Bencivengo
United States District Judge

3:24-cv-1058-CAB-DDL